Ana Clavell y Rodríguez et al., Plaintiffs and Appellants, *v.* Ulises Clavell y Ríos et al., Defendants and Appellees.

No. 4834. Argued December 10, 1929.—Decided June 23, 1930.

**194**

*Guillermo S. Pierluissi, F. Zapater* and *R. A. Atiles* for appellants. *Leopoldo Tormes* for J. Clavell, appellee. *José & A. S. Poventud* for other appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Jaime Facundo Clavell y Ríos died in Ponce on March 25, 1925. On July 10 of the same year his nine children, Ana, Sarah, Librada, Palmira, Jaime, Justino, Juan, Antonio, and Ulises Clavell y Rodríguez were declared his heirs by the district court. On January 20, 1928, Ana, Sarah, Librada, and Palmira instituted the action herein against Ulises Clavell y Ríos to recover a parcel of land measuring 5½ acres (*cuerdas*) which they valued at $5,500, and the sum of $3,630 as mesne profits after deducting therefrom $600 which plaintiffs' ancestor owed to the said defendant. The other five heirs of Jaime Facundo Clavell y Ríos, having refused to join in the complaint, were made parties defendant.

It is alleged in short in the complaint that Jaime Facundo Clavell was the owner of a property of 30 acres which he sold, with reservation of the right to repurchase, to Matilde Muñoz Pizarro; that as he did not have the $600 needed to make such repurchase, he requested a loan from his brother, the defendant Don Ulises; that Don Ulises granted this request and in order to reimburse him for the amount loaned, Don Jaime Facundo had agreed to segregate from said property of 30 acres the 5½-acre parcel claimed in this action and to deliver it to the creditor, so that the latter might repay himself for the amount of his credit out of the fruits of said parcel; but that, instead of carrying out that agreement, in connection with the drafting of the deed of

resale of the 30-acre property which was executed by Mrs. Muñoz in favor of Don Jaime Facundo, he ordered the preparation of a deed of sale of the said 5½ acres, to be executed by him in favor of Don Ulises and which was signed in the manner which will be stated further on in this opinion.

The defendants answered and alleged in brief that the defendant, Ulises Clavell y Ríos, now holds and is the owner of the 5½-acre parcel in question, which he acquired by purchase from Jaime Facundo Clavell y Ríos on September 6, 1905 by a public instrument, executed before notary Rosendo Matienzo y Cintrón and recorded in the registry of property on December 26 of the same year. The defendants further pleaded: (1) Insufficiency of the allegations of the complaint to set forth a cause of action; (2) the four-year statute of limitations; (3) the ten-year prescription; (4) a claim for fruits and profits; (5) estoppel on the part of plaintiffs' ancestor; (6) ratification of the sale by the said ancestor, and (7) estoppel on the part of the plaintiffs themselves.

The case went to trial. Considerable evidence was introduced and the court finally rendered judgment for the defendants, with costs. In its statement of the case and opinion it said:

"The court, without entertaining any doubt in the premises and by reason of the credence which it gives to the evidence of the defendants, holds as proved that at the execution of deed No. 263 before notary Rosendo Matienzo Cintrón, the contracting parties Jaime Facundo Clavell y Ríos and Ulises Clavell y Ríos were present, and that the transaction evidenced by the said deed, that is, the sale of the 5½ acres of land, actually took place and was subsequently ratified by other acts of the vendor, Jaime Facundo Clavell y Ríos."

The defendants thereupon took the present appeal and assigned in their brief nine errors, which they have argued at length. Appellees' brief is also a lengthy one and it answers all the questions raised by the appellants.

The impression which gradually arises in favor of the

defendants as the examination of the record progresses is so strong, that at the end no doubt remains that the only decision which can properly be rendered in this case is an affirmance of the judgment appealed from. Indeed the only difficulty lies in choosing the grounds upon which such an affirmance may be based, because these are so many that to state them all would unduly lengthen this opinion.

Everything here gravitates around a certain defect incurred in signing the deed of sale.

The said deed concludes as follows:

"Under the foregoing covenants they execute the within deed, which the parties hereto bind themselves to keep and fulfill in a lawful manner. It having been read in its entirety to them in the presence of the witnesses, residents of this city and personally known to me, Francisco Alvarez Tizol and Raúl Mattei, the parties having renounced the right to read it for themselves, of which right they were duly advised, it is approved and ratified by the parties hereto, of whom only the purchaser signs and not the vendor because, although the latter knows how to do it, he is precluded from signing by reason of lack of eyesight, but at his request it is signed by his son who is present, Jaime Clavell y Rodríguez, jointly with the attesting witnesses; to all of which I, the notary, certify. Jaime Clavell y Rodríguez.—Ulises Clavell.—Franco. Alvarez Tizol.—Raúl Mattei.—Signed: Rosendo Matienzo Cintrón.—There is a canceled internal revenue stamp of the value of one dollar."

The Notarial Law provides:

"Sec. 14.—Should the parties to the instrument, or any of them, be unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party or parties."

As the son who signed for his father did not appear as a witness, nor was he qualified to do so, it is contended that the instrument is null and void. This was the discovery which served as a basis for the suit. However, the force of truth is such that, generally, it prevails of itself and it is the decided tendency of the law and the jurisprudence to

acknowledge it and to expedite its way, in order that it may manifest itself and eventually become established. For that reason, we think that the trial judge acted properly and applied the law and the jurisprudence correctly in deciding the case in the manner in which he did, and in expressing himself in the said statement of the case and opinion, as follows:

"The defendants are right in their contention that the said deed must be considered as null and void, in accordance with the Notarial Law and the decisions in the cases of Banco Territorial v. Registrar, 22 P.R.R. 545; Rosa v. Registrar of San Juan, 28 P.R.R. 665; Berríos v. Registrar, 25 P.R.R. 668; Villanueva v. Registrar, 18 P.R.R. 801 and Rodríguez v. Registrar, 14 P.R.R. 715. But such a nullity, however, only affects its recordation in the registry of property, and therefore it does not prejudice third persons. Nevertheless, the fact that the deed, as well as its record, is thus null and void does not mean that the contract of sale must also be void as to the contracting parties and their privies; and this is what we expressly hold: That the contract existed; the transaction was carried out; it was ratified by everybody, since the plaintiffs themselves have assigned all their right and interest in the 24½ acres, thereby admitting since 1915, while of age, that the 5½ acres had ceased to belong to their father and, therefore, that as between the parties the contract is and was valid. Our Supreme Court in the case of Rosa v. Registrar of San Juan, 28 P.R.R. 665, held that—

"'The signatures of both parties to the deed of 1880 and the signature of the grantor to the deed of 1905 were not affixed in the manner required by the said act; therefore the said deeds can not be received in the registry as public documents. This, of course, does not mean that the contracts set out in the said instruments are null and void by reason of these defects. If the transactions were actually made they will be considered valid as to the parties participating in them'.

"Section 1221 of the Revised Civil Code provides that a contract exists from the moment one or more persons consent to be bound with respect to another or others to deliver something or to render some service; and section 1225 provides that—

"'Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the conse-

quences which, according to their character, are in accordance with good faith, use, and law'.

"In the case of Vázquez v. Medina, 17 P.R.R. 96, the Supreme Court held that—

"'Under sections 1221 and 1225 of the Revised Civil Code a contract of purchase and sale of real property is perfected from the moment the contracting parties agree upon the sale of a tract of land for a real consideration, the record thereof in a public instrument not being an essential condition for the existence of such a contract, but the contracting parties may compel each other to record the transaction in a public instrument'.

"And see also in support of this doctrine the judgment of the Supreme Court of Spain dated June 18, 1902.

"Our Supreme Court in the case of Fragoso v. Marxuach, 31 P.R.R. 187, has held that where a deed is void as a public instrument and its record in the registry is also necessarily void the contract, nevertheless, is reduced to a private document which does not affect third persons; and similarly in Aponte et al. v. Ramírez et al., 17 P.R.R. 593, where it was held that—

"'From the moment a contract of sale or rural property is perfected by the agreement of the parties and the possession of the property sold, said contract has legal effect between the parties, their heirs and successors in interest, the fact that no public or private instrument of such sale has been executed not affecting the validity of the contract'.

"Lastly, in view of section 1245 of the Civil Code and the decisions in Picart v. De León, 22 P.R.R. 553, and Ayllón v. González et al., 28 P.R.R. 61, we hold that the contract of sale exists and is binding upon the parties and their privies, even though the deed which contained it is null and void."

But there is something more, and this is the only other ground which we will set out here for affirming the judgment. It is so fundamental, that it would be sufficient of itself to justify the dismissal of the action.

The deed of sale of the 5½ acres which concludes in the manner above stated, was introduced in evidence at the trial by the plaintiffs themselves. Now, the deed of resale executed at the same time and whereby plaintiffs' ancestor re-acquired the property, from which was segregated the parcel of 5½ acres, concludes similarly, thus:

"It having been read in its entirety to them in the presence of the witnesses, residents and personally known to me, Rodulfo E. Monserrat and Francisco Renta, the parties having renounced the right to read it for themselves, of which right they were duly advised, it is approved and ratified by the parties hereto, who sign it except Mr. Clavell who, although he knows how to do it, is precluded from signing by reason of lack of eyesight, but at his request it is signed by his son who is present, Jaime Clavell y Rodríguez, jointly with the witnesses, before me, the notary, who certifies to everything herein set forth. Correction: "second". Approved by the parties and the witnesses, to which I again certify. Matilde Muñoz.—Ramón Albizu y Vázquez.—Jaime Clavell Rodríguez.—Rodulfo E. Monserrat.—Francisco Renta.—(Signed, marked, and sealed) Rosendo Matienzo Cintrón."

If the defendant, Don Ulises, could not acquire by virtue of the deed of 1905, neither could the ancestor of the plaintiffs, because his deed was executed under the same conditions; hence, the district court was also right in further saying, in its statement of the case and opinion:

"We hold further that the plaintiffs have not proved a title superior to that of the defendants as is required in every revendicatory action; but on the contrary, they derive their title from a source—deed No. 262 of September 6, 1905—which is subject to the same defect urged against the defendants, namely, the signing by Jaime Clavell Rodríguez for his father, Jaime Facundo Clavell y Ríos. *In pari delicto potior est conditio defendentis.*—See Santos v. López, 26 P.R.R. 372."

The judgment appealed must be affirmed.